# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY DOWD | CIVIL ACTION |
|---|---|
| v. | NO. 19-1981 |
| THE CITY OF PHILADELPHIA *doing business as Philadelphia Department of Corrections* | |

### MEMORANDUM

Baylson, J.                                                                                                     April 10, 2019

## I. INTRODUCTION

In this Civil Action, Plaintiff Anthony Dowd alleges that Defendant, the City of Philadelphia, discriminated against him because of his disability in violation of various federal, state, and local laws. Over three years before he filed the complaint in this case, Plaintiff filed a similar action in this Court that came before Judge Goldberg. Judge Goldberg ultimately dismissed that case under Local Rule of Civil Procedure 41.1(b).

Presently before this Court is Plaintiff's Motion to Vacate Dismissal and Consolidate, and to Extend Discovery Deadline by 60 Days. The Court has granted the portion of Plaintiff's Motion seeking an extension of the discovery deadline. For the reasons stated below, the remainder of Plaintiff's Motion will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

According to Plaintiff's Complaint, he is a Youth Detention Counselor at the Juvenile Justice Center, which is a part of the Philadelphia Department of Corrections. (ECF 1, Compl. ¶¶ 5–7.) As part of his employment, Plaintiff was supposed to be trained to maintain security measures and use physical restraints, but he never received any riot training. (Compl. ¶¶ 12–13.)

In 2009, Plaintiff was diagnosed with claustrophobia. (Compl. ¶ 9.) Due to his disability, Plaintiff sought an accommodation so that he would not be in a secured area with juveniles, and would be able to freely enter and exit the secured housing unit. (Compl. ¶¶ 15, 17–18.) Despite submitting the proper paperwork, Defendant never provided any accommodation. (Compl. ¶¶ 14–16.) Later, in April of 2015, Plaintiff was injured when he tried to diffuse a riot in the Juvenile Justice Center's cafeteria. (Compl. ¶¶ 19–20.) If Plaintiff had been granted an accommodation for his disability, he would not have been assigned to the cafeteria. (Compl. ¶ 21.)

Before filing his complaint in this case, Plaintiff filed a different complaint against Defendant. (Docket No. 15-cv-4311, ECF 1 (the "2015 Action").) The Complaint in the 2015 Action alleged that the City of Philadelphia discriminated against Plaintiff because of his disability based on events occurring before those at issue in this case. Following a settlement conference, Judge Goldberg, "pursuant to Local Rule of Civil Procedure 41.1(b)," dismissed the 2015 Action "pursuant to [the] agreement of counsel without costs," on April 4, 2016. (Docket No. 15-cv-4311, ECF 18.) The docket notation associated with that order noted that it was an "Order Dismissing [the] Action with Prejudice Pursuant to Local Rule 41.1(b)." (Docket No. 15-cv-4311, ECF 18.) In a subsequent order, Judge Goldberg permitted Plaintiff's counsel to withdraw, and referred any motions to enforce the settlement or vacate dismissal to the magistrate judge. (Docket No. 15-cv-4311, ECF 26.) No further motions were filed on that docket.

Plaintiff filed the Complaint in this case in the Court of Common Pleas of Philadelphia County, which Defendant removed to this Court. (ECF 1.) On October 22, 2019, Plaintiff filed a Motion to Vacate Dismissal and Consolidate, and to Extend Discovery Deadline by 60 Days.

(ECF 16 ("Pl.'s Mot. to Vacate")).) The Court granted the portion of Plaintiff's Motion that sought to extend the discovery deadline. (ECF 20.) The remainder of Plaintiff's Motion seeks to vacate Judge Goldberg's dismissal of the 2015 Action, and consolidate the 2015 Action with this case. Defendant filed a Response in Opposition, (ECF 21), and Plaintiff filed a Reply, (ECF 26). After hearing oral argument on Plaintiff's Motion, the Court ordered supplemental briefing on the impact of Papera v. Pennsylvania Quarried Bluestone Co., 948 F.3d 607 (3d Cir. 2020), after which both parties filed supplemental briefs. (ECF 34 ("Pl.'s Supp. Mem."), ECF 35 ("Def.'s Supp. Mem.").)

### III. LEGAL STANDARD

The resolution of a motion seeking relief under Federal Rule of Civil Procedure 60(b) falls within the district court's sound discretion. Hodge v. Hodge, 621 F.2d 590, 593 (3d Cir. 1980) (quoting Giordano v. McCartney, 385 F.2d 154, 155 (3d Cir. 1967)). Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1).

## IV. PARTIES' CONTENTIONS

### A. Plaintiff

Plaintiff does not dispute the fact that there is an order on the 2015 Action's docket that dismissed the case, but contends that Judge Goldberg's dismissal order was unclear about whether the dismissal was with or without prejudice. (Pl.'s Supp. Mem. 2–3.) In Plaintiff's view, under Papera v. Pennsylvania Quarried Bluestone Co., 948 F.3d 607 (3d Cir. 2020), the dismissal should thus be construed as being without prejudice. (Pl.'s Supp. Mem. 3.)

Plaintiff also argues that because he never gave his counsel authority to settle the 2015 Action, the case never settled and any purported settlement would have been unenforceable. (Pl.'s Mot. to Vacate 1; Pl.'s Reply 1–2.) As a result, Plaintiff contends that Judge Goldberg's dismissal order was "entered in error." (Pl.'s Mot. to Vacate 1.) Plaintiff further contends that if the Court vacates Judge Goldberg's dismissal order, the Court should also consolidate the 2015 Action with this case because the two cases involve the same parties, seek similar relief, and each would provide a more comprehensive factual context for the other. (ECF 18, Pl.'s Mem. in Supp. of Mot. to Vacate 2.)

### B. Defendant

Defendant asserts that Judge Goldberg's order of dismissal clearly dismissed the 2015 Action with prejudice because it specified that dismissal was under Local Rule 41.1(b), which only provides for a dismissal with prejudice. (Def.'s Supp. Mem. 2–3.) Defendant also notes that the 2015 Action's docket notation confirms that dismissal was with prejudice. (Def.'s Supp. Mem. 3.)

As to whether the order dismissing the 2015 Action should be vacated and the cases consolidated, Defendant argues that Plaintiff filed his Motion too late. Because a motion under

4

Fed.R.Civ.P. 60(b) must be brought within a reasonable amount of time, and Plaintiff provides no reason for the delay in filing his Motion, Defendant contends that Plaintiff does not meet the timeliness requirements for vacating the dismissal. (Def.'s Opp'n 4.) If the dismissal order is vacated, however, Defendant argues that the 2015 Action should not be consolidated with this case because it involves different factual allegations. (Def.'s Opp'n 4–5.)

V. DISCUSSION

A. The 2015 Action was Dismissed with Prejudice

The Court asked for supplemental briefing addressing whether Judge Goldberg's dismissal of the 2015 Action was with or without prejudice under <u>Papera v. Pennsylvania Quarried Bluestone Co.</u>, 948 F.3d 607 (3d Cir. 2020), because if Plaintiff's claims were dismissed without prejudice, he may be able to reinstate them. In <u>Papera</u>, the Third Circuit held that when a dismissal order is unclear as to whether the action is being dismissed with or without prejudice, the order should be construed as dismissing the action without prejudice. 948 F.3d at 611. At issue in that case was a two-sentence long order stating "only that the case [wa]s dismissed and the parties had sixty days to finalize the settlement." <u>Id.</u> at 609. Because it was not clear from the order that the dismissal was with prejudice, and "[n]othing else in the record clearly or explicitly specifie[d]" that the dismissal was with prejudice, the Court construed the dismissal as being without prejudice. <u>Id.</u> at 612.

In contrast to the order in <u>Papera</u>, the order here clearly dismissed the 2015 Action with prejudice under Local Rule of Civil Procedure 41.1(b). (Docket No. 15-cv-4311, ECF 18.) Local Rule 41.1(b) sets forth the procedure for dismissing an action after the parties reach a settlement, and provides that an order under Rule 41.1(b) "dismiss[es] the action with prejudice, without costs, pursuant to the agreement of counsel." Local Rule of Civil Procedure 41.1(b).

The Rule only provides for a dismissal with prejudice, and there is no provision in Rule 41.1(b) under which an action can be dismissed without prejudice. Thus, every action dismissed under Rule 41.1(b) must be considered dismissed with prejudice. In addition, if there was any doubt, the notation on the docket resolves it by clarifying that the entry was an "Order Dismissing [the] Action with Prejudice Pursuant to Local Rule 41.1(b)." (Docket No. 15-cv-4311, ECF 18.) It is clear to this Court, and should have been clear to the parties at the time, that Judge Goldberg's order dismissed the 2015 Action was with prejudice.

### B. Plaintiff's Filed His Motion to Vacate on the Wrong Docket and Too Late

Having concluded that Plaintiff's 2015 Action was dismissed with prejudice, Plaintiff's Motion to Vacate will be denied for two reasons. First, Plaintiff's Motion is filed on the wrong docket. If Plaintiff wishes to vacate an order entered on the 2015 Action's docket, he should file his motion there. See Samost v. Luborsky, No. 13-7365, 2016 WL 1162376, at *3 (D.N.J. Mar. 24, 2016) (denying Samost's motion to vacate an order because he did not file his motion on the docket where the order he sought to vacate was entered).

Second, Plaintiff's Motion is untimely. Although Plaintiff does not identify which subsection of Rule 60(b) provides the basis for his Motion, the argument he presents most closely aligns with Rule 60(b)(1), because he contends that Judge Goldberg mistakenly entered an order of dismissal based on a settlement agreement that the parties never, in fact, agreed upon. A motion for relief under Rule 60(b)(1), (2), or (3), however, must be filed at most one year after the order was entered. Fed.R.Civ.P. 60(c)(1). Because Plaintiff's Motion comes before this Court nearly three years after Judge Goldberg's order of dismissal, Plaintiff's motion is time-barred. But even if Plaintiff based his Motion on another subsection of Rule 60(b), it would still be untimely. A motions for relief under Rule 60(b) "must be made within a reasonable time,"

6

Fed.R.Civ.P. 60(c)(1), and Plaintiff offers no explanation for the near three-year delay in filing his Motion.[1] Plaintiff's Motion to vacate Judge Goldberg's order will be denied.

Having decided that Judge Goldberg's dismissal order will not be vacated, the Court sees no reason to consolidate the 2015 Action with this case. Plaintiff's Motion to consolidate the 2015 Action with this case will be denied.

## VI. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Vacate Dismissal and Consolidate, and to Extend Discovery Deadline by 60 Days will be denied. An appropriate Order follows.

O:\CIVIL 19\19-1981 Dowd v City of Phila\19cv1981 Memo re Motion to Vacate.doc

---

[1] A motion that a judgment is void under Rule 60(b)(4) is the only Rule 60(b) motion that may be brought at any time. United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000) (en banc). A judgment is void, however, "only in the rare instance where [it] is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) (citing United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)). Plaintiff offers no reason to suggest that his Motion fits within either category.